Judgment for the defendants on demurrer, leave to amend on the usual terms.

## STAATS *vs.* HODGES and others.

One P. owned and demised certain premises, and plaintiff sold him furniture therefor, conditionally that she was to be paid for the furniture out of the rent of the premises, and to retain title to the furniture till paid in full. P. subsequently, at the instance and with the consent of plaintiff, assigned the rent of the premises in trust to pay his debts, one of which was a balance due plaintiff for the furniture, and which was to be paid as had been previously agreed upon, *Held*, that this was no waiver of the condition of the sale, and that it did not thereby become absolute.

ERROR to the recorder's court of Buffalo. The action was trover for a quantity of household furniture.

The plaintiff proved that she had placed in the American Hotel, in the city of Buffalo, in 1836, various articles of household furniture to be used therein, of the value of $8,027.28, under an arrangement with A. Palmer, the owner of the hotel, by which it was agreed that the property should not be liable for rent or taxes, and should be paid for by applying, from time to time, the rents accruing to Palmer from the tenants of the building; and that the furniture was to remain the plaintiff's property till the whole purchase money was paid, and then to become the property of Palmer. It further appeared that she had received payments at various times from the said rents, an amount which when credited left a balance of $2,220.56. The co-partnership of the defendants, who were in the occupation of the hotel and furniture, was proved, and a demand and refusal.

It further appeared that the American Hotel had been sold on a mortgage given by Palmer anterior to the lease, under which the rent accrued, and which was to be applied in payment of the furniture, and that nothing had since been paid on the same.

The defendants proved that A. Palmer had leased the hotel to be furnished, to one Preston Hodges from date (20th September, 1836) until the 1st May, 1845, for a rent of nine per cent upon all moneys received, payable monthly. The purchase of the property by Palmer of the plaintiff, upon the terms mentioned, was to enable him to supply the necessary furniture required by the covenants in the above lease.

On the 11th April, 1837, Palmer assigned the lease of Hodges to George W. Clinton in trust to pay certain debts, and, among others, the balance still due to the plaintiff. Clinton was also directed in this assignment to purchase of the plaintiff an additional quantity of furniture not exceeding the sum of $2,000 in order to complete the supply required under the lease, and, if required, to secure the payment of the purchase money and interest by a chattel mortgage. The assignment to Clinton was made with the knowledge and consent of the plaintiff, and upon her threats that she would remove the furniture from the house. She agreed at the foot of the assignment to supply the additional furniture upon the security there mentioned.

When the testimony closed, the counsel for the defendants contended that the procurement of the assignment to Clinton by the plaintiff, and her subsequent acts amounted to a sanction of the lease by Palmer to Preston Hodges and estopped her from claiming possession of the furniture against him, or the defendants claiming under him; and thereupon the recorder nonsuited the plaintiff, to which there was an exception.

*By the Court,* NELSON, Ch. J.   The sale of the furniture by the plaintiff to Palmer was conditional and no title passed until the payment of the whole of the purchase money. The condition was express, and intended and relied on as the security for the supply of so large an amount of property on credit. This view of the contract, indeed, is not disputed. But it is supposed that the circumstances attending the assignment of the lease to Clinton, and participation of the plaintiff therein, operated as a virtual waiver of the consideration, so that the sale became absolute.

This, I apprehend, is a very forced conclusion. Clinton took the place of Palmer as trustee, and, among other things, agreed to see to the payment of the plaintiff as had been previously agreed by Palmer when the furniture was furnished, to all which it may be said she assented. There is no change of the original contract of sale either express or implied; nor any thing indicating such an intent by either of the parties concerned. She acquiesces in the assignment to Clinton, perhaps wishes it, as she may have regarded him as the more faithful agent in the application of the rents to the extinguisment of her claim, on condition that he shall see to the application. This is the good sense of the assignment, and I have no doubt all that was intended.

Judgment reversed, and venire de novo by recorder's court; costs to abide event.